No. 16-55430

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

MARSHALL S. SANDERS and LYDIA O. SANDERS, As Trustee of the
Marshall and Lydia Sanders Trust Dated April 20, 1990,

Plaintiffs-Appellants,

v.

BANK OF AMERICA, N.A.; WELLS FARGO BANK, N.A., AS TRUSTEE, ON
BEHALF OF THE HOLDERS OF THE HARBORVIEW MORTGAGE LOAN
TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES
2007-1; NATIONAL DEFAULT SERVICING CORPORATION; SELECT
PORTFOLIO SERVICING, INC., et al.

Defendants-Appellees.

_____

## APPELLEES' ANSWERING BRIEF
_____

APPEAL FROM ORDER DISMISSING SECOND AMENDED
COMPLAINT AND GRANTING JUDGMENT
Hon. Andrew J. Guilford, District Judge
United States District Court Case No. 8:15-cv-00935-AG-AS

_____

Conrad V. Sison (SBN: 217197)
Aileen Ocon (SBN: 240417)
**LOCKE LORD LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Telephone: (213) 485-1500
Facsimile: (213) 485-1200

Attorneys for Defendants and Appellees WELLS FARGO BANK, N.A., AS
TRUSTEE, ON BEHALF OF THE HOLDERS OF THE HARBORVIEW
MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH
CERTIFICATES, SERIES 2007-1, NATIONAL DEFAULT SERVICING
CORPORATION and SELECT PORTFOLIO SERVICING, INC.

## CORPORATE DISCLOSURE STATEMENT
## REQUIRED BY RULE 26.1

The undersigned, counsel of record for Appellees, certifies that the following listed parties may have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

1.      Appellant Marshall S. Sanders;

2.      Appellant Lydia O. Sanders;

3.      Appellee Wells Fargo Bank, N.A., as Trustee, on behalf of the Holders of the Harborview Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2007-1;

4.      Appellee National Default Servicing Corporation;

5.      Appellee Select Portfolio Servicing, Inc.  SPS is a wholly-owned subsidiary of SPS Holding Corp. ("SPSHC"), a Delaware corporation.  SPSHC is wholly owned by Credit Suisse (USA), Inc. Credit Suisse (USA), Inc. is a wholly-owned subsidiary of Credit Suisse Holdings (USA), Inc., which is a jointly-owned subsidiary of (1) Credit Suisse AG and (2) Credit Suisse Group AG, Guernsey Branch, which is a branch of Credit Suisse Group AG.  Credit Suisse AG has publicly registered debt securities and warrants in the United States and elsewhere. Credit Suisse AG is a wholly-owned subsidiary of Credit Suisse Group AG, which is a corporation organized under the laws of the Country of Switzerland and whose

shares are publicly traded on the SIX Swiss Exchange and are also listed on the New York Stock Exchange in the form of American Depository Shares. No other publicly held company owns 10 percent or more of the stock of Select Portfolio Servicing, Inc.; and

      6. Appellee Bank of America, N.A.

Dated: January 27, 2017            LOCKE LORD LLP


                By:     */s/ Conrad V. Sison*
                       Conrad V. Sison
                       Aileen Ocon
                Attorneys for Defendants and Appellees
                WELLS FARGO BANK, N.A., AS
                TRUSTEE, ON BEHALF OF THE
                HOLDERS OF THE HARBORVIEW
                MORTGAGE LOAN TRUST MORTGAGE
                LOAN PASS-THROUGH CERTIFICATES,
                SERIES 2007-1, NATIONAL DEFAULT
                SERVICING CORPORATION and
                SELECT PORTFOLIO SERVICING, INC.

# <u>TABLE OF CONTENTS</u>

**Page**

I.   STATEMENT OF JURISDICTION ....................................................1

II.  STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ..................2

III. STATEMENT OF THE CASE ........................................................2

    A.   Introduction ....................................................................2

    B.   Procedural History............................................................3

IV.  STATEMENT OF FACTS ............................................................4

    A.   Appellants' Mortgage Loan, Default and Subsequent
        Foreclosure ......................................................................4

    B.   Appellants' Multiple Bankruptcy Cases ................................6

        1.   *Appellant Marshall Sanders* ......................................6

        2.   *Appellant Lydia Sanders* ..........................................9

    C.   Appellants' Second Amended Complaint............................10

    D.   District Court's Order Granting Motions to Dismiss SAC................11

V.   SUMMARY OF ARGUMENT......................................................13

VI.  ARGUMENT...........................................................................14

    A.   Standard of Review ........................................................14

    B.   The District Court Properly Concluded That the SAC Failed To
        Comply With Federal Rule of Civil Procedure 8(a)(2)......................16

    C.   The District Court Properly Dismissed Appellants' SAC Pursuant
        To Federal Rule of Civil Procedure 15(a)(2) ....................................18

    D.   The District Court Properly Concluded that Appellants' SAC
        Failed To State A Claim Against Appellees ....................................20

        1.   *Appellants Fail To State A Claim Under 15 U.S.C. §1635* ......21

        2.   *Appellants Fail To State A Claim For Intentional and
        Negligent Infliction of Emotional Distress* ..............................23

## TABLE OF CONTENTS
### (cont.)

**Page**

      *3.*    *Appellants' Opening Brief Fails To Establish A Viable Claim Against Appellee*s ............................................................ 25

  E.   Appellants' Opening Brief Fails To Comply with the Federal Rules of Appellate Procedure ............................................................ 26

  F.   The District Court Properly Concluded That Appellants Should Not Be Given Leave To Amend ............................................................ 27

VII.   CONCLUSION ............................................................ 27

STATEMENT OF RELATED CASES ............................................................ 29

CERTIFICATE OF COMPLIANCE ............................................................ 30

CERTIFICATE OF SERVICE ............................................................ 31

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Aaron v. Aguirre*,
2007 WL 959083 (S.D. Cal. Mar. 8, 2007) ........................................................17

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S. Ct. 1937 (2009).....................................................15, 16, 17

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955 (2007)..............................................15, 16, 17, 18

*Berkley v. Dowds*,
152 Cal.App.4th 518 (2007) ................................................................................23

*Bunag v. Aegis Wholesale Corp.*,
No. C 09-00558 MEJ, 2009 WL 2245688 (N.D. Cal. July 27, 2009)...............23

*Gaitan v. Mortgage Electronic Registration Systems, et al.*,
No. EDCV 09-1009 VAP, 2009 WL 3244729 (C.D. Cal. Oct. 5, 2009) ..........22

*Gauvin v. Trombatore*,
682 F. Supp. 1067 (N.D. Cal. 1988)...................................................................17

*Gilbert v. Residential Funding LLC*,
678 F.3d 271 (4th Cir. 2012) ......................................................................21, 22

*Hamilton v. Prudential Financial*,
2007 WL 2827792 (E.D. Cal. Sept. 27, 2007) ..................................................24

*Hawkins v. First Horizon Home Loans*,
No. 10-1876, 2010 WL 4823808 (E.D. Cal. Nov. 22, 2010) ............................15

*Jesinoski v. Countrywide Home Loans, Inc.*,
135 S. Ct. 790 (2015)..........................................................................................21

*Johnson v. Riverside Healthcare Sys., LP*,
534 F.3d 1116 (9th Cir. 2008) ............................................................................15

*Kruse v. Bank of America*,
202 Cal.App.3d 38 (1988) ..................................................................................24

## TABLE OF AUTHORITIES
### (cont.)

**Page(s)**

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
  519 F.3d 1025 (9th Cir. 2008) ............................................................15

*Mintz v. Blue Cross of California*,
  172 Cal.App.4th 1594 (2009) ............................................................23

*PLS-Pacific Laser Sys. V. TLZ Inc.*,
  2007 WL 2022020 (N.D. Cal. Jul. 9, 2007) ......................................17

*In re Sargent Tech., Inc.*,
  278 F. Supp. 2d 1079 (N.D. Cal. 2003)......................................16, 17

*Sherzer v. Homestar Mortgage Servs.*,
  707 F.3d 255 (3d Cir. 2013) ..............................................................21

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ......................................................15, 16

*Swierkiewicz v. Sorema N.A.*,
  534 U.S. 506, 122 S. Ct. 992 (2002)..................................................16

*Wong v. Tai Jing*,
  189 Cal. App. 4th 1354 (2010) ..........................................................24

*Yao v. Deutsche Bank National Trust Co. Americas et al.*,
  No. SACV 11–00006–JVS(RNBx), 2011 WL 8326579 (C.D. Cal. Aug.
  21, 2011) ...........................................................................................20

## STATUTES

11 U.S.C. § 101, *et seq.* ..........................................................................6

11 U.S.C. § 1112(b) ...................................................................................7

15 U.S.C. § 1602(f)..................................................................................22

15 U.S.C. § 1631(a) .................................................................................22

15 U.S.C. § 1635................................................................................10, 21

# TABLE OF AUTHORITIES
## (cont.)

**Page(s)**

15 U.S.C. § 1635(f)..................................................................21, 22

15 U.S.C. § 1640(e) .......................................................................21

28 U.S.C. § 1291 ..............................................................................1

28 U.S.C. § 1331 ..............................................................................1

28 U.S.C. § 1332 ..............................................................................1

28 U.S.C. § 2107 ..............................................................................1

Cal. Bus. & Prof. Code § 17200 ...................................................10

Cal. Civ. Code § 2923.5 ................................................................10

Cal. Civ. Code § 2923.55 ..............................................................11

Cal. Civ. Code § 2924(a)(6) ..........................................................10

Cal. Civ. Code § 2924(f)(3) ...........................................................10

Cal. Civ. Code § 2924(17) .............................................................10

## RULES

Fed. R. Civ. P. 8 .............................................................................15

Fed. R. Civ. P. 8(a)............................................................16, 17, 18

Fed. R. Civ. P. 8(a)(2)......................................2, 12, 13, 15, 16

Fed. R. Civ. P. 12(b)(6).....................................................14, 15, 19

Fed. R. Civ. P. 15(a).......................................................................19

Fed. R. Civ. P. 15(a)(1)...................................................................19

Fed. R. Civ. P. 15(a)(2)................................2, 13, 14, 18, 19, 20

# TABLE OF AUTHORITIES
### (cont.)

**Page(s)**

**OTHER AUTHORITIES**

12 C.F.R. § 226.17(b) ...................................................................................22

Fed. R. App. P. 28 .......................................................................................26

Fed. R. App. P. 29 .......................................................................................26

Fed. R. App. P. 31 .......................................................................................26

Fed. R. App. P. 32 .......................................................................................26

## APPELLEES' ANSWERING BRIEF

Appellees Wells Fargo Bank, N.A., as Trustee, on behalf of the Holders of the Harborview Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2007-1 ("Wells Fargo"), National Default Servicing Corporation ("NDSC") and Select Portfolio Servicing, Inc. ("SPS" and collectively, "Appellees") submit this Answering Brief in response to appellants' Marshall S. Sanders and Lydia O. Sanders' ("Appellants") Opening Brief.

## I.    STATEMENT OF JURISDICTION

(a)    **Basis for District Court's Jurisdiction:** The District Court had diversity jurisdiction pursuant to 28 U.S.C. 1332, as well as federal question jurisdiction over Appellants' TILA claim pursuant to 28 U.S.C. §1331.

(b)    **Basis for this Court's Jurisdiction:**  The District Court dismissed all of Appellants' claims without leave to amend and the clerk's judgment dismissed Appellants' Second Amended Complaint with prejudice.  Therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1291.

(c)    **Timeliness of Appeal:**  The Order Granting Appellees' Motion to Dismiss with Prejudice and clerk's judgment were both entered February 18, 2016. Appellants filed their Notice of Appeal on March 19, 2016.  The appeal is timely under 28 U.S.C. § 2107.

(d)    This appeal is from a final order and judgment that disposes of all

parties' claims.

## II.     STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

The following issues are presented to this Court on appeal:

- Whether the District Court properly concluded that Appellants' SAC failed to comply with Federal Rule of Civil Procedure 8(a)(2);

- Whether the District Court properly concluded that Appellants were not given leave to add twelve new claims pursuant to Federal Rule of Civil Procedure 15(a)(2); and

- Whether the District Court properly concluded that Appellants failed to plead any claims against Appellees.

## III.    STATEMENT OF THE CASE

### A.    Introduction

Appellants Marshall S. Sanders and Lydia O. Sanders ("Appellants") seek to reverse the District Court's ruling on Appellees Wells Fargo Bank, N.A., as Trustee, on behalf of the Holders of the Harborview Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2007-1 ("Wells Fargo"), National Default Servicing Corporation ("NDSC") and Select Portfolio Servicing, Inc. ("SPS" and collectively, "Appellees") Motion to Dismiss Appellants' Second Amended Complaint.  Appellants' claims all arise from a home mortgage loan that they admittedly defaulted on.  Despite Appellants' baseless arguments, the District

Court properly dismissed Appellants' claims against Appellees. For the reasons discussed below, the District Court's dismissal of Appellants' claims should be affirmed.

### B. Procedural History

On June 11, 2015, Appellants filed their initial complaint against Appellees and Appellee Bank of America, N.A. (Appellees' Supplemental Excerpts of Record, Volume 3, page 588.[1]) On September 8, 2015, Appellants filed a First Amended Complaint. (3 SER 591.) The District Court granted the Appellees' Motion to Dismiss the First Amended Complaint with leave to amend on November 13, 2015. (3 SER 594.) On December 15, 2015, Appellants filed their Second Amended Complaint ("SAC"). (1 SER 1-2 SER 302.)

Appellees filed a Motion to Dismiss the SAC on December 30, 2015. (2 SER 303- 3 SER 565.) On January 25, 2016, Appellants filed an Opposition to Appellees' Motion to Dismiss. (3 SER 595.) On January 27, 2016, Appellees' filed a Reply in support of their Motion to Dismiss. (3 SER 566-571.) On February 18, 2016, the District Court granted Appellees' Motion to Dismiss the

---

[1] Appellees' Supplemental Excerpts of Record will be cited in this Answering brief by identifying the volume, followed by "SER" and then the page number, i.e. "1 SER 1".

SAC with prejudice and entered judgment in favor of Appellees.[2]  (3 SER 572-580, 3 SER 581.)

On February 24, 2016, Appellants filed a Request for Reconsideration of the District Court's February 18, 2016 order on the Appellees' motions to dismiss.  (3 SER 596-597.)  On March 19, 2016, Appellants filed a Notice of Appeal.  (3 SER 582.)  The District Court denied the Appellants' Request for Reconsideration on April 7, 2016.  (3 SER 598.)

## IV.  **STATEMENT OF FACTS**

### A.    **Appellants' Mortgage Loan, Default and Subsequent Foreclosure**

Appellants' claims arise from a home mortgage loan secured against the real property located at 1621 Kensing Lane, Santa Ana, CA 92705 ("Subject Property.")  On or about December 22, 2006, Appellants obtained a mortgage loan from the originating lender Countrywide Bank, N.A. in the amount of $1,435,000.00 and secured against the Subject Property with a Deed of Trust.  (2 SER 336-366.)  The Deed of Trust securing the loan noted that ReconTrust Company, N.A. was the originating Trustee.  (2 SER 337.)  The Deed of Trust also noted that Mortgage Electronic Registration Systems, Inc. ("MERS") is the beneficiary in nominee capacity for the Countrywide Bank N.A. and Countrywide Bank, N.A.'s successors and assigns.  (2 SER 337.)

---

[2] Appellee Bank of America, N.A.'s Motion to Dismiss the Appellants' SAC was also granted with prejudice.

A Corporate Assignment of Deed of Trust ("Assignment-1") was executed on November 17, 2009 and recorded on December 30, 2009 in the Orange County Recorder's Office, the effect of which assigned the Deed of Trust, together with all rights therein and thereto, to Wells Fargo Bank, N.A., as Trustee for HarborView Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-1. (2 SER 368.)

On November 28, 2011, an Assignment of Deed of Trust ("Assignment-2") was executed and subsequently recorded in the Orange County Recorder's Office on December 6, 2011. The effect of Assignment-2 was to assign the Deed of Trust, together with all rights therein and thereto, to Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP. (2 SER 370.)

On December 13, 2012, NDSC was substituted as Trustee of the Deed of Trust in place of ReconTrust Company, N.A. (2 SER 372.)

The SAC did not dispute that Appellants failed to make the requisite mortgage payments under the Note and Deed of Trust. Therefore, on March 6, 2013, NDSC caused to be recorded a Notice of Default and Election to Sell Under Deed of Trust ("NOD"), which was recorded in the Official Records of Orange County. (2 SER 374-375.)

On June 25, 2014, a Corporate Assignment of Deed of Trust ("Assignment-

3") was executed, the effect of which assigned the Deed of Trust to Wells Fargo Trustee.  (2 SER 377-378.)  Assignment-3 was recorded in the Official Records of Orange County on July 9, 2014.  (2 SER 377-378.)

The SAC does not dispute that Appellants failed to repay the loan amount in default and reinstate their loan after the Notice of Default was recorded.  On October 28, 2014, NDSC executed a Notice of Trustee's Sale ("NOTS"), which was recorded in the Official Records of Orange County on October 29, 2014. (2 SER 380-381.)

The Subject Property was sold at a trustee's sale on September 22, 2015.  (1 SER 4, ¶ 6.)

Appellants generally assert for the first time in their Opening Brief that the Subject Property was sold in violation of an automatic stay of Appellant Lydia Sanders' Chapter 11 bankruptcy case.  (Appellants' Opening Brief ("AOR") at p. 2.)  However, the SAC does not allege that Appellant Lydia Sanders had a pending bankruptcy action on September 22, 2015, the day the Subject Property was sold at a trustee's sale.

### B. Appellants' Multiple Bankruptcy Cases

#### 1. Appellant Marshall Sanders

On April 12, 2010, Appellant Marshall Sanders filed for relief under chapter 13 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy

Code") in the United States Bankruptcy Court for the Central District of California, Santa Ana (the "Bankruptcy Court"), Case No. 8:10-bk-14682-ES (the "First Bankruptcy Case"). (2 SER 383-392.) The First Bankruptcy Case was converted to a case under chapter 7 on April 26, 2010 and Appellant Marshall Sanders obtained a discharge on February 2, 2011. (2 SER 383-392.) The First Bankruptcy Case was closed on September 9, 2011. (2 SER 383-392.)

Approximately a month after the closure of the First Bankruptcy Case, Appellant Marshall Sanders filed for relief again, this time under chapter 11 of the Bankruptcy Code, in the Bankruptcy Court, Case No. 8:11-bk-24594-ES (the "Second Bankruptcy Case"). (2 SER 394-406.) The Second Bankruptcy Case was dismissed on August 21, 2013 pursuant to 11 U.S.C. § 1112(b) by order entered by the Bankruptcy Court. (2 SER 394- 3 SER 406.). Appellant Marshall Sanders appealed the dismissal of the Second Bankruptcy Case, which decision of the Bankruptcy Court ("BAP") was affirmed by the Bankruptcy Appellate Panel on May 30, 2013. (2 SER 394- 3 SER 406.)

Prior to the decision of the BAP, on May 7, 2013, Appellant Marshall Sanders filed for relief again under chapter 11 of the Bankruptcy Code in the Bankruptcy Court, Case No. 8:13-bk-14049-ES (the "Third Bankruptcy Case"), which case was dismissed on October 4, 2013. (3 SER 408-421.) The dismissal of the Third Bankruptcy Case was also appealed, this time to the United States

District Court.  (3 SER 408-421.)  The District Court dismissed the appeal on April 11, 2014.  (3 SER 408-421.)

Approximately a month prior to the dismissal of the appeal by the District Court, Appellant Marshall Sanders again filed for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court, Case No. 8:14-bk-11663-ES (the "Fourth Bankruptcy Case").  (3 SER 423-435.)  On August 26, 2014, Appellee Wells Fargo filed a motion for relief from the automatic stay (the "Motion for Relief").  (3 SER 437-501.)  The Fourth Bankruptcy Case was dismissed on September 18, 2014 by the Bankruptcy Court.  (2 SER 503-504.)  Additionally, the Bankruptcy Court barred Appellant Marshall Sanders from filing another bankruptcy case for 180 days.  (3 SER 503-504.)  As a result of the dismissal of the Fourth Bankruptcy Case, the Bankruptcy Court denied the Motion for Relief as moot.  (3 SER 506-507.)

Notwithstanding the Bankruptcy Court's 180-day bar, on June 15, 2015, Appellant Marshall Sanders filed for relief under chapter 13, in the Bankruptcy Court, Case No. 8:15-bk-13011-ES (the "Fifth Bankruptcy Case")[3].  (3 SER 509-519.)  In the voluntary petition (nothing more than a skeleton petition), Appellant

---

[3]  The Fifth Bankruptcy Case was filed less than two weeks after the Plaintiff failed to post a bond for a preliminary injunction in the State Court Action and requested a dismissal of the case, and just three days after this Court denied Plaintiff's *ex parte* request for a TRO.

Marshall Sanders asserts, under penalty of perjury, that his assets and liabilities do not exceed $50,000, despite making this entire case about the Subject Property, on which the secured debt exceeds at least $1.5 million, well above the threshold limits of section 109(e) of the Bankruptcy Code. (3 SER 509-519.) Appellant Marshall Sanders failed to disclose all of his prior bankruptcy cases within the past 8 years in his voluntary petition, again, under penalty of perjury. (3 SER 509-519.) Importantly, Appellant Marshall Sanders failed to include the Third Bankruptcy Case and the Fourth Bankruptcy Case, the latter of which was dismissed with a 180 day bar from refiling by this Court.

In the Fifth Bankruptcy Case, Appellant Marshall Sanders filed a Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate to extend the automatic stay under section 362 of the Bankruptcy Code as to all creditors. (3 SER 521-534.) On August 26, 2015, the Bankruptcy Court denied confirmation of Appellant Marshall Sanders' chapter 13 plan and *sua sponte*, dismissed the bankruptcy case with a 180 day bar from re-filing any bankruptcy case. (3 SER 544.)

## 2. *Appellant Lydia Sanders*

On October 29, 2014, Appellant Lydia Sanders filed a Chapter 11 bankruptcy petition, which was dismissed on November 19, 2014 "for failure to file her schedules, statements, or a plan." (Ninth Circuit Court of Appeals General

Docket, Doc. # 16 [Request For Extension of Time to File Appellants' Opening Brief for Good Cause Shown] at p. 6-7.)  On September 22, 2015, Appellant Lydia Sanders "attempted to file a chapter 11 petition."  (*Id*. at 7.)  However, the bankruptcy judge denied Appellant Lydia Sanders' petition stating, " 'denied – dismiss w. 180-day bar. This debtor and husband have filed 9 cases in only about 4 years." (*Id*.)  The bankruptcy court "entered the order and notice of dismissal on the same day."  (*Id*.)

### C.    Appellants' Second Amended Complaint

On December 15, 2015, Appellants filed their 46-page SAC, asserting **seventeen (17)** causes of action, including **twelve (12) new claims** that were added without leave of court.  (1 SER 1-2 SER 302.)  The seventeen claims listed on the SAC's caption page were the following:  (1) breach of contract; (2) conversion; (3) closing agent liability; (4) escrow agent liability; (5) title insurance carrier liability; (6) intentional infliction of emotional distress; (7) negligent infliction of emotional distress; (8) trespass to land; (9) trespass to chattels; (10) false imprisonment; (11) rescission under 15 U.SC. § 1635, Truth in Lending Act ("TILA"); (12) cancellation of instruments; (13) violation of the Fair Debt Collection Practices Act; (14) violation of the Fair Credit Reporting Act; (15) violation of California Business and Professions Code § 17200; (16) violation of California Civil Code §§ 2924(a)(6) and 2924(f)(3), and (17) violation of California Civil Code §§ 2923.5

and 2923.55.  (1 SER 1.)

The twelve new claims added without leave of court were the following:  (1) breach of contract, (2) conversion, (3) closing agent liability, (4) escrow agent liability, (5) title insurance carrier liability, (6) intentional infliction of emotional distress, (7) negligent infliction of emotional distress, (8) trespass to land, (9) trespass to chattels, (10) false imprisonment, (11) violation of the Fair Debt Collection Practices Act ("FDCPA"), and (12) violation of the Fair Credit Reporting Act ("FCRA").

However, even though Appellants' SAC appears to be asserting **seventeen (17)** causes of action—only four of the causes of action, i.e., (1) intentional infliction of emotional distress, (2) negligent infliction of emotional distress, (3) conversion, and (4) the Truth in Lending Act claim, are discernable in the body of the SAC.  (1 SER 1-46.)  The remaining causes of action are never substantively addressed by the Appellants in the body of SAC.  More importantly, Appellants' SAC does not assert a claim for wrongful foreclosure, which appears to be the only claim that is indirectly addressed in Appellants' Opening Brief.  (AOR at p. 2; 1 SER 1-2 SER 302.)

**D.    District Court's Order Granting Motions to Dismiss SAC**

Appellees filed their Motion to Dismiss the SAC on December 30, 2015.  (2 SER 303- 3 SER 565.)  Appellants filed their opposition papers on January 25,

2017 (3 SER 595) and Appellees filed their reply papers on January 27, 2016 (3 SER 566-571.)

The District Court issued an Order Dismissing Appellants' Second Amended Complaint With Prejudice on February 18, 2016.  (3 SER 572-580.)  The District Court stated that Appellants' SAC did nothing to cure the flagrant deficiencies of the Appellants' First Amended Complaint, "[i]nstead, it's the same sort of meandering missive: an amalgamation of hyperbole, rhetorical questions, full recitations from various websites, accusations against all types of entities, and request for all kinds of damages . . . The Court would dismiss solely based on the [Appellants'] failure to provide [Appellees] with the required short and plain statement" which is required by Federal Rule of Civil Procedure 8(a)(2).  (3 SER 575.)  The District Court also found that the SAC added 12 new claims some of which were "facially frivolous" that was reason alone to dismiss the SAC.  (3 SER 576.)  The District Court further stated that the Appellants "deeper substantive problems [were] enough to grant the Motions to Dismiss," and that the "SAC [was] legally insufficient."  (3 SER 576.)

Lastly, the District Court noted that Appellants have had more than ample opportunities to amend their claims, including a prior lawsuit back in 2014, but "have failed to diligently move forward with their case," unfairly prejudicing Appellees.  (3 SER 580.)  Therefore, the District Court denied Appellants leave to

amend.  (3 SER 580.)

## V.    __SUMMARY OF ARGUMENT__

Appellants' SAC not only fails to comply with the Federal Rules of Civil Procedure, but also fails to allege any viable claim against any of the Appellees.

First, despite having been given a third opportunity to allege viable claims against the Appellees, Appellants 46-page (some single spaced) SAC is in clear violation of Federal Rule of Civil Procedure 8(a)(2).  Appellants do not provide "a short and plain statement of the[ir] claim[s]" as required by Federal Rule of Civil Procedure 8(a)(2).  To the contrary, Appellants simply lump Appellees SPS, Wells Fargo, and NDSC with the rest of the defendants under the general allegations made against all defendants without any factual support.  In fact, nowhere in the SAC do Appellants specifically name or assert any particular causes of action against Appellees SPS or NDSC, while Appellee Wells Fargo is referenced no more than 5 times in passing throughout Appellants' lengthy SAC with no clear assertion of any particular legal claim against it.

Second, of the seventeen (17) causes of action asserted in Appellants' SAC, twelve (12) were new claims added without leave of court as required by Federal Rule of Civil Procedure 15(a)(2) since Appellants' time to amend as a matter of right had lapsed.  Therefore, by failing to obtain leave from the Court to assert new claims, Appellants' SAC was properly dismissed by the District Court for not

complying with Federal Rule of Civil Procedure 15(a)(2).

Third, as noted by the District Court in its February 18, 2016 order, Appellants' SAC failed to establish any viable claim against the Appellees. Indeed, despite having asserted seventeen (17) causes of action, Appellants' SAC only addresses the following three claims: (1) violation of the Truth in Lending Act; (2) intentional infliction of emotional distress; (3) and negligent infliction of emotional distress. However, Appellants fail to plead any factual allegations that could give rise to any claim against the Appellees.

Lastly, Appellants' Opening Brief provides no meaningful argument as to why this Court should overturn the District Court's dismissal of their SAC without leave to amend. In fact, Appellants' Opening Brief fails to comply with the requirement set forth in the Federal Rules of Appellate Procedure as to its content and form.

For each of these reasons, the District Court's dismissal of Appellants' claims was proper and should be affirmed.

## VI.  __ARGUMENT__

### A.    **Standard of Review**

Appellants are appealing the District Court's Order granting Appellees' Motions to Dismiss the SAC without leave to amend. An order granting a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is reviewed *de*

*novo.  See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030 (9th Cir. 2008).

A Rule 12(b)(6) dismissal may be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal citation omitted).  Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Further, where a plaintiff's complaint fails to provide grounds for his or her entitlement to relief, it must be dismissed.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

A court is also not required to accept as true a legal conclusion couched as a factual allegation.  *Ashcroft*, 556 U.S. at 678.  In all, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Id.*  Instead, a plaintiff must allege facts that are sufficient to "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.

Finally, "the court need not accept allegations as true if they are contradicted by documents before the court."  *Hawkins v. First Horizon Home Loans*, No. 10-1876, 2010 WL 4823808, *9 (E.D. Cal. Nov. 22, 2010); *see also Sprewell v.*

*Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit").

### B. The District Court Properly Concluded That the SAC Failed To Comply With Federal Rule of Civil Procedure 8(a)(2)

In granting Appellee's Motion to Dismiss, the District Court properly concluded that the SAC failed to provide any of the Appellees "with the required short and plain statement" under Federal Rule of Civil Procedure 8(a)(2). (2 SER 575.) Federal Rule of Civil Procedure 8(a)(2) requires that a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 998 (2002). Broad allegations that fail to specify which individual defendants are responsible for which wrongful conduct are insufficient under Rule 8(a). *In re Sargent Tech., Inc.*, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003). Where a complaint fails to provide grounds for her or her entitlement to relief, it must be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). A complaint containing mere "labels and conclusions," or "formulaic recitations of the elements of a cause of action" will not suffice to overcome a motion to dismiss. *Twombly*, 127 S. Ct. at 1964-65. Moreover, "[f]actual allegations must be enough

to raise a right to relief above the speculative level." *Id*.

Nor can a plaintiff merely lump defendants together in contravention of Rule 8(a), not specifying which defendant is allegedly responsible for what conduct. *See Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988); *Aaron v. Aguirre*, 2007 WL 959083, at *16 (S.D. Cal. Mar. 8, 2007); *In re Sargent Tech, Inc.*, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003) (complaint failed to state a claim "because plaintiffs do not indicate which defendant or defendants were responsible for which alleged wrongful act"); *PLS-Pacific Laser Sys. V. TLZ Inc.*, 2007 WL 2022020, at *11 (N.D. Cal. Jul. 9, 2007). A plaintiff must specifically identify the parties to the alleged activities so that each defendant is advised of the claims it must defend. *See*, *e.g.*, *Gen-Probe*, 926 F. Supp. 948, 960 (S.D. Cal. 1996).

Federal Rule of Civil Procedure 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint cannot simply "le[ave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Twombly*, 550 U.S. at 561.

The SAC is devoid of any specific factual allegations against Appellees SPS, Wells Fargo, or NDSC. "Rule 8(a) 'contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented.'"

17

*Twombly*, 550 U.S. at 555-56 & n. 3 (citations omitted). In fact, not one of the 17 causes of action is specifically asserted against Appellees. There are only 4 out of the 17 causes of action discernable in the SAC as noted above, and the SAC simply relies on vague, general, and conclusory allegations to support the causes of action for (1) intentional infliction of emotional distress, (2) negligent infliction of emotional distress, (3) conversion, and (4) the Truth in Lending Act. (1 SER 1-2 SER 302.) Moreover, Appellants simply lump Appellees together in contravention of Rule 8(a), and do not specify which Appellee is purportedly responsible for the alleged conduct.

Thus, in failing to specify any facts in support of their allegations, and failing to identify which of the Appellees actually engaged in any of the alleged wrongful conduct, Appellants' SAC is deficient and cannot be actionable because it falls woefully short of the minimum pleading requirements and fails to provide Appellees with adequate notice of what conduct, if any, is alleged against them. *See Twombly, supra*.

## C. The District Court Properly Dismissed Appellants' SAC Pursuant To Federal Rule of Civil Procedure 15(a)(2)

In granting Appellee's Motion to Dismiss, the District Court properly concluded that the Appellants' addition of twelve (12) new claims, which included "some that are facially frivolous – for example, a claim for false imprisonment,"

was reason alone to dismiss the SAC and grant Appellees' Motion to Dismiss. (3 SER 576.)

On December 15, 2015, Appellants filed their SAC, including **twelve (12) new claims** for breach of contract, conversion, closing agent liability, escrow agent liability, title insurance carrier liability, intentional infliction of emotional distress, negligent infliction of emotional distress, trespass to land, trespass to chattels, false imprisonment, violation of the Fair Debt Collection Practices Act ("FDCPA"), and violation of the Fair Credit Reporting Act ("FCRA"). (1 SER 1.)

Federal Rule of Civil Procedure 15(a) provides that a plaintiff has the right to amend his or her complaint as a matter of course and add new claims within 21 days of serving it or 21 days after service of defendants' motion to dismiss under Rule 12(b)(6). Fed. R. Civ. P. 15(a)(1).

In this instant case, however, Appellants failed to amend within either timeframe. Appellants were therefore required to obtain Appellees' written consent or leave of court ***prior to*** adding new claims in the SAC because the time to amend as a matter of right had lapsed. Fed. R. Civ. P. 15(a)(2). Appellants however did not do this. Instead, Appellants added the 12 new claims without consent or leave of court to do so. Indeed, the District Court clearly stated in its order that the Appellants were not given leave to "add any of [these new claims]." (3 SER 576.) As a result, because Appellants did not receive leave to amend with

respect to any of the twelve claims noted above, Appellees' Motion to Dismiss could be granted for this reason alone. *See Yao v. Deutsche Bank National Trust Co. Americas et al.,* No. SACV 11–00006–JVS(RNBx), 2011 WL 8326579, *2 (C.D. Cal. Aug. 21, 2011) (a court's order granting a motion to dismiss cannot be construed as granting leave to repeat claims dismissed or to add claims that were not pleaded in the first place, except as explicitly dictated by the court's order); *see also* Fed. R. Civ. P. 15(a)(2) (requiring plaintiff to obtain defendant's written consent or leave of court prior to adding new claims if the time to amend as a matter of right has lapsed.)

Therefore, the District Court's dismissal of Appellants' SAC for failure to obtain leave to add new claims should be affirmed.

## D. The District Court Properly Concluded that Appellants' SAC Failed To State A Claim Against Appellees

The District Court's February 18, 2016 order unequivocally noted that Appellees' Motion to Dismiss did "an excellent job detailing claim by claim why the SAC is legally insufficient." (2 SER 276.) Of the seventeen claims asserted by Appellants in their SAC, only the following three were discernable in the body of the SAC: (1) violation of the Truth in Lending Act; (2) intentional infliction of emotional distress; (3) and negligent infliction of emotional distress.

### 1. Appellants Fail To State A Claim Under 15 U.S.C. §1635

Appellants' SAC appears to assert a cause of action under the Truth in Lending Act ("TILA") against Appellees based on Appellants' allegations that "the Note and the Deed of Trust are void instruments since on February 17, 2010 the Sanders exercised their Truth-in-Lending Act ("TILA") right of rescission . . . which rescission was effective by operation of law when the Sanders placed in their mailbox." (1 SER 4, 23.) However, Appellants' TILA claim against Appellees' fails because Appellees are not a "creditor" within the meaning of TILA and their TILA claim is time-barred.

A damages action under TILA must be brought within one year of the alleged violation. 15 U.S.C. § 1640(e) ("Any action under this section may be brought . . . within one year from the date of the occurrence of the violation."). To exercise his right to rescission, a borrower must give written notice to a creditor within three years of consummation of the loan. 15 U.S.C. § 1635(f); *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015). Any action to enforce the rescission or seek damages for failure to accept rescission must be filed within one year of the creditor's refusal to accept rescission. *Gilbert v. Residential Funding LLC*, 678 F.3d 271, 278–79 (4th Cir. 2012); *see also Sherzer v. Homestar Mortgage Servs.*, 707 F.3d 255, 266, n.8 (3d Cir. 2013). If the creditor fails to respond, the one-year period begins 20 days after the request for rescission, when

the response from the creditor was due. 15 U.S.C. § 1635(f); *see also Gilbert*, 678 F.3d at 278–79.

In this instant case, while Appellees fully dispute receipt of the February 17, 2010 correspondence, even assuming *arguendo* that it was received and Appellees failed to respond, Appellants still cannot succeed on their claim. The one-year statute of limitations is triggered 20 days after Appellants' February 17 request, or March 9, 2010. Appellants would have therefore been required to file suit on or before March 9, 2011 in order to meet the relevant statute of limitations. Appellants' claim is therefore barred by the relevant statute of limitations.

In addition, TILA only imposes disclosure obligations on the original "creditor" in a loan transaction. *See* 15 U.S.C. § 1631(a) ("a creditor … shall disclose to the person who is obligated"); 12 C.F.R. § 226.17(b) ("Time of disclosures. The creditor shall make disclosures before consummation of the transaction."). A "creditor" under TILA means the entity "to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of the indebtedness." *See* 15 U.S.C. § 1602(f). Because none of the Appellees were the original "creditor" of Appellants' loan transaction, they cannot have violated TILA as a matter of law. *See Gaitan v. Mortgage Electronic Registration Systems, et al.*, No. EDCV 09-1009 VAP, 2009 WL 3244729 at *12 (C.D. Cal. Oct. 5, 2009) ("Inasmuch as Plaintiff alleges wrongdoing in the

origination of the loan, those claims cannot be asserted against…Defendants who, indisputedly, were not involved in the initial negotiation of the loan") (citing *Bunag v. Aegis Wholesale Corp.*, No. C 09-00558 MEJ, 2009 WL 2245688, *3 (N.D. Cal. July 27, 2009)); *see also Nichols*, 2008 WL 3891126, at *3 (dismissing identical TILA-based UCL claim).  As such, the District Court correctly concluded that Appellants had failed to allege a TILA claim against Appellees.

### 2. *Appellants Fail To State A Claim For Intentional and Negligent Infliction of Emotional Distress*

Appellants' SAC also purports to assert a claim for intentional infliction of emotional distress against Appellees.  (1 SER 21.)  As an initial matter, the SAC does not allege extreme or outrageous conduct by Appellees—a necessary first element of an actionable claim for intentional infliction of emotional distress.  *See Mintz v. Blue Cross of California*, 172 Cal.App.4th 1594, 1607 (2009) ("To state a cause of action for intentional infliction of emotional distress, the plaintiff must allege (1) extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct."); *Berkley v. Dowds*, 152 Cal.App.4th 518 (2007).  Additionally, California law is clear that a party is not subject to liability for infliction of

emotional distress when it has merely pursued its own economic interests and openly asserted its legal rights. *Kruse v. Bank of America*, 202 Cal.App.3d 38, 67 (1988).

Further, the SAC does not set forth facts indicating the nature or extent of the suffering incurred as a result of Appellees' alleged conduct, as is also required to state a cause of action for intentional infliction of emotional distress. *See Hamilton v. Prudential Financial*, 2007 WL 2827792, *4 (E.D. Cal. Sept. 27, 2007) ("Plaintiff has failed to allege facts that show he suffered from mental distress of such a severe nature that no reasonable member of society should be expected to endure it".) .

Similarly, Appellants failed to allege a claim for negligent infliction of emotional distress against Appellees. Negligent infliction of emotional distress is not an independent tort, but "the tort of negligence to which the traditional elements of duty, breach of duty, causation, and damages apply." *Wong v. Tai Jing*, 189 Cal. App. 4th 1354, 1377 (2010). Therefore, in absence of a viable negligence claim, Appellants' claim for negligent infliction of emotional distress failed as a matter of law.

Accordingly, the District Court properly concluded that Appellants had failed to allege a claim for both intentional and negligent infliction of emotional distress against Appellees.

### 3. *Appellants' Opening Brief Fails To Establish A Viable Claim Against Appellees*

Using the same accusatory and rhetorical style of their SAC, Appellants' Opening Brief provides no clear or concise argument that explains the Appellants' contentions or the issues before this Court or much less establish that the District Court's granting of Appellees' Motion to Dismiss was erroneous. Appellants' Opening Brief simply makes an unclear argument that the foreclosure sale of the Subject Property was in violation of the automatic stay of Appellant Lydia Sanders' Chapter 11 bankruptcy action. (AOR at p. 2.) However, as explained above, Appellants' SAC nowhere alleges that at the time of the foreclosure sale Appellant Lydia Sanders had a pending bankruptcy action in which an automatic stay was in effect. Additionally, Appellants do not assert a claim for wrongful foreclosure in their SAC against Appellees. But, more importantly, the question of whether or not the foreclosure sale of the Subject Property was in violation of an automatic stay, is not an issue before this Court. This claim was never asserted by Appellants in their SAC nor presented to the District Court. Moreover, this Court does not have jurisdiction over Appellants' claim, which can only be reviewed by the Bankruptcy Court that has jurisdiction over Appellant Lydia Sanders Chapter 11 bankruptcy case. (*See* Ninth Circuit Court of Appeals General Docket, Doc. # 16 [Request For Extension of Time to File Appellants' Opening Brief for Good

Cause Shown] at p. 3-14.)  Thus, the District Court's order should be affirmed.

**E.    Appellants' Opening Brief Fails To Comply with the Federal Rules of Appellate Procedure**

A pro se Appellant may file an informal brief form, which means that a pro se Appellant is not required to comply with the Federal Rules of Appellate Procedure regarding the form and contents of a standing opening brief.  9th Cir. R. 28-1(c).  However, if a pro se Appellant chooses not to use the informal brief form, a pro se Appellants brief must meet all of the requirements for the content and form of a standard opening brief set forth in the Federal Rules of Appellate Procedure.  9th Cir. R. 28-1(a).

Appellants were provided with an informal brief form on August 19, 2016.  (Ninth Circuit Court of Appeals General Docket, Doc. # 13.)  However, Appellants chose not to use the informal brief form provided to them, but instead filed a 2 page Opening Brief.  (*See* AOR.)  Therefore, Appellants' Opening Brief was to be prepared and filed in accordance with the Federal Rules of Appellate Procedure.  But, Appellants' Opening Brief utterly fails to comply with the requirements set forth in the Federal Rules of Appellate Procedure, specifically Federal Rules of Appellate Procedure 28, 29, 31 and 32.  As a result, Appellants' Opening Brief should be stricken by this Court.  *See* 9th Cir. R. 28-1(a) ("Briefs not complying with FRAP and these rules may be stricken by the Court.")

## F. The District Court Properly Concluded That Appellants Should Not Be Given Leave To Amend

The District Court properly dismissed Appellants' SAC. The District Court also properly dismissed the lawsuit without leave to amend. Appellants already had three opportunities to plead a viable claim in this lawsuit. In addition, Appellants had previously brought a similar lawsuit relating to the same Subject Property, Note and Deed of Trust in 2014. (3 SER 579.) As the District Court rightly noted the Appellants "have had their chances, and then some." (3 SER 579.) The District Court did not abuse its discretion in determining that Appellants should not be provided a fourth opportunity to plead a viable cause of action because as the District Court noted Appellants' "abuse of the right to sue and their dilatory tactics have unfairly caused [Appellees] to expend time, money, and ink fighting a sometimes-there, sometimes-not lawsuit." (3 SER 580.)

## VII. CONCLUSION

For the foregoing reasons, Appellees respectfully request that this Court affirm the District Court's Order dismissing Appellants' SAC without leave to amend.

Dated: January 27, 2017                    LOCKE LORD LLP


                                           By:_____/s/ Conrad V. Sison_____
                                                   Conrad V. Sison
                                                   Aileen Ocon
                                           Attorneys for Defendants and Appellees
                                           WELLS FARGO BANK, N.A., AS
                                           TRUSTEE, ON BEHALF OF THE
                                           HOLDERS OF THE HARBORVIEW
                                           MORTGAGE LOAN TRUST MORTGAGE
                                           LOAN PASS-THROUGH CERTIFICATES,
                                           SERIES 2007-1, NATIONAL DEFAULT
                                           SERVICING CORPORATION and
                                           SELECT PORTFOLIO SERVICING, INC.

## <u>STATEMENT OF RELATED CASES</u>

Appellees are not aware of any known related cases, as defined by Ninth Circuit Rule 28-2.6, that are currently pending in this Court.

Dated:  January 27, 2017                          LOCKE LORD LLP


By:_____*/s/ Conrad V. Sison*_____
                      Conrad V. Sison
                      Aileen Ocon
Attorneys for Defendants and Appellees
WELLS FARGO BANK, N.A., AS
TRUSTEE, ON BEHALF OF THE
HOLDERS OF THE HARBORVIEW
MORTGAGE LOAN TRUST MORTGAGE
LOAN PASS-THROUGH CERTIFICATES,
SERIES 2007-1, NATIONAL DEFAULT
SERVICING CORPORATION and
SELECT PORTFOLIO SERVICING, INC.

## **CERTIFICATE OF COMPLIANCE**

Appellees certify that this brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(5) and (7) because it uses a proportionally space font with a typeface of 14 points and contains 6,055 words, as calculated by Word 2010, the word processing system used to prepare the brief.

Dated: January 27, 2017    LOCKE LORD LLP

By:_____*/s/ Conrad V. Sison*_____
      Conrad V. Sison
      Aileen Ocon
Attorneys for Defendants and Appellees
WELLS FARGO BANK, N.A., AS
TRUSTEE, ON BEHALF OF THE
HOLDERS OF THE HARBORVIEW
MORTGAGE LOAN TRUST MORTGAGE
LOAN PASS-THROUGH CERTIFICATES,
SERIES 2007-1, NATIONAL DEFAULT
SERVICING CORPORATION and
SELECT PORTFOLIO SERVICING, INC.

# **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on January 27, 2017.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days, to the following:

Marshall S. Sanders
Lydia O. Sanders
1621 Kensing Lane
Santa Ana, California  92705-3074
Telephone:  714.665.8012
Email: marshallssanders@yahoo.com

*Plaintiffs and Appellants, Pro Se*

Dated:  January 27, 2017          By:  ___*/s/ Conrad V. Sison*_____
                                                            Conrad V. Sison